UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICHARD D. JENKINS,                                       Civil No. 3:10-849-HA

        Plaintiff,                                                  OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

      Plaintiff Richard D. Jenkins seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Commissioner's decision must be AFFIRMED.

**STANDARDS**

      To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable

OPINION AND ORDER- 1

physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB or SSI. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability. At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21

OPINION AND ORDER- 2

(9th Cir. 1998). However, a decision must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Id.* at 720.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff alleges disability due to a number of physical and mental impairments. Plaintiff was forty-three years old at his alleged disability onset date of August 8, 2002, and he was last insured on December 31, 2006. His applications were denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a hearing on April 29, 2009. The ALJ heard testimony from plaintiff, who was represented by counsel, plaintiff's case manager from the Community Engagement Program, and an independent vocational expert (VE).

Following the hearing, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The ALJ found that plaintiff suffered from several severe impairments, including: human immunodeficiency virus (HIV) infection, hepatitis B virus (HBV) infection, mild peripheral neuropathy, asthma, a history of substance-induced mood disorder with psychosis, polysubstance dependence, and an adjustment disorder with mixed anxiety and depression. Tr. 19, Finding 3.[1] The ALJ noted that plaintiff's substance dependence was purportedly in remission. Tr. 19.

The ALJ determined that plaintiff has the RFC to perform light work, but found that plaintiff should not be required to stand or walk for more than two to four hours in an eight-hour workday, should never climb ladders, ropes, or scaffolds, and should avoid hazards and exposure to environmental fumes. Tr. 21, Finding 5. The ALJ limited plaintiff to unskilled or low semi-

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 3

skilled work with occasional public contact. *Id.* The ALJ also concluded that due to plaintiff's combined impairments, including his drug addiction, he might be absent from work for more than two days per month. *Id.*

Based on plaintiff's RFC, the ALJ concluded that plaintiff was unable to perform his past relevant work as a housecleaner and part-owner of a housecleaning business. Tr. 21, Finding 6. The ALJ also found that plaintiff could not perform other jobs existing in the national economy. Tr. 22, Finding 10. Accordingly, the ALJ concluded that plaintiff was "disabled" under the Act. Tr. 22.

However, because plaintiff's disability was based in part on his drug addiction, the ALJ performed a second analysis of the five steps assuming that plaintiff no longer engaged in substance abuse. Tr. 22-30. The ALJ explained that although plaintiff suffered from several impairments independent of his substance abuse, those impairments were not disabling. *Id.* Plaintiff's remaining impairments precluded him from performing his past relevant work, but did not prevent him from performing other work existing in significant numbers in the national economy. Tr. 30. Because the ALJ determined that plaintiff's disability would terminate once plaintiff stopped his substance abuse, the ALJ concluded that plaintiff was not disabled. Tr. 31.

The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## **DISCUSSION**

Plaintiff contends that this court must reverse and remand the Commissioner's final decision for an immediate award of benefits based on several alleged errors in the ALJ's decision.

OPINION AND ORDER- 4

Plaintiff contends that the ALJ erred in finding that plaintiff's substance abuse was material to his disability. In making that decision, plaintiff asserts that the ALJ improperly rejected his treating physician's opinion that plaintiff was disabled independent of his substance abuse. Plaintiff also asserts that the ALJ erred by concluding that plaintiff's mental impairment did not meet Listing 12.04, and in determining plaintiff's RFC. These arguments are addressed in turn.

1.  **Materiality of Substance Abuse**

An individual is considered ineligible for disability benefits if "alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382(a)(3)(J). If the Commissioner finds that a claimant is disabled and is presented with evidence of the claimant's alcoholism or drug addiction, then the Commissioner must determine whether the substance abuse is a "contributing factor material to the determination of disability." *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1535(a), 416.935(a)).

In making that determination, the ALJ must analyze whether the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b). The claimant bears the burden of proving that his or her substance abuse is not a contributing factor material to his or her disability. *Parra v. Astrue*, 481 F.3d 742, 744-45 (9th Cir. 2007).

Plaintiff has struggled with a methamphetamine addiction since 2003. Tr. 40-44. He entered treatment in 2005, but had several episodes of methamphetamine use after he was released. Tr. 40-44. Plaintiff again entered treatment in May 2008, and has been sober since April 2008. Tr. 979. Plaintiff argues that he has established that his past substance abuse is not

OPINION AND ORDER- 5

material to his disability through medical records and the opinions of his treating physician, Dr. Roberta Mihara, and his case manager, Erin Medina-Heins.

### A. Medical Evidence

Plaintiff's medical records fail to establish that plaintiff would remain disabled absent his substance abuse. The ALJ noted that plaintiff's HIV, HBV, headaches, and depression were asymptomatic or controlled by medication. Tr. 25, 669-72, 696-98, 766-76. At the hearing, plaintiff testified that his asthma limits his ability to walk more than five blocks at a time. Tr. 40. Plaintiff's records, however, indicate that his breathing issues improved with medication, and that his inhaler enabled him to go running. Tr. 674. Plaintiff's most recent report of asthma-related symptoms was in April 2008 when he complained of wheezing and shortness of breath. Tr. 665. At that time, plaintiff admitted that his asthma had been exacerbated by smoking methamphetamine. Tr. 665-66. Therefore, plaintiff has not proven that his physical impairments render him disabled when he is not engaging in substance abuse.

Plaintiff contends that his anxiety and depression triggered his methamphetamine use, and remained a struggle for him after a year of sobriety. Pl.'s Mem. at 11. Although plaintiff continued to be treated for anxiety and depression after he stopped using methamphetamine, the record suggests that these impairments did not completely disable him from working. *See, e.g.*, Tr. 806 (noting that plaintiff started work again and was painting in July 2008); Tr. 763, 780 (noting that plaintiff was cleaning houses in August 2008, but disliked the work); Tr. 797 (noting that plaintiff was working at Free Geek building computers in September 2008). The record also indicates that plaintiff's mood and Global Assessment of Functioning scores increased when he stopped using methamphetamine. Tr. 26-27, 864-65. At best, the evidence is inclusive as to

whether plaintiff's mental impairments remained disabling after he stopped abusing substances. Such inconclusive evidence is insufficient to carry plaintiff's burden. *Parra*, 481 F.3d at 749-50.

      B.      **Medical Opinion**

Plaintiff asserts that the ALJ improperly discredited the opinion of Dr. Mihara when he concluded that plaintiff's drug addiction was material to plaintiff's disability. The ALJ gave significant weight to Dr. Mihara's November 2006 opinion that plaintiff was disabled by his addictions at that time. Tr. 29. However, the ALJ gave little weight to Dr. Mihara's April 2009 opinion that plaintiff remained disabled by his anxiety and depression while he was sober. Tr. 29, 1013-17. Doctor Mihara's latter opinion is contradicted by the opinion of examining physician, Dr. Duane Kolilis. *See* Tr. 505-09.

An ALJ may reject the contradicted opinion of a treating physician only by stating specific and legitimate reasons supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may properly reject a treating physician's opinion in cases in which objective test results, reports from other physicians, testimony from the claimant, or other evidence conflicts with physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *see also Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (holding that an ALJ may reject a treating physician's opinion that is unsupported by medical findings, personal observations, or objective testing).

In this case, the ALJ provided the following reasons for discrediting Dr. Mihara's opinion: the basis of her opinion was unclear, Dr. Mihara admitted that she did not perform a formal psychological disability evaluation of plaintiff, plaintiff's treatment had been focused on his substance abuse, plaintiff's symptoms decreased with his discontinued substance use, the opinion

OPINION AND ORDER- 7

was based in part on plaintiff's subjective complaints, and Dr. Mihara failed to explain that plaintiff's hospitalization after an attempted prescription medication overdose was associated with plaintiff using methamphetamine. Tr. 29. These are specific and legitimate reasons for rejecting Dr. Mihara's disability finding and are supported by the substantial evidence in the record.

Plaintiff's treatment at Quest Center initially focused on his substance abuse problems, depression, and anxiety. Tr. 567-74. Doctor Mihara noted that plaintiff's substance dependence was a "major focus" of his treatment until January 2009. Tr. 1015. Following sobriety, Dr. Mihara noted that plaintiff's depression and anxiety improved with medication, and he did not meet the criteria for a major depressive disorder. Tr. 1013-15. Although Dr. Mihara opined that plaintiff was unable to work full time, her opinion partially relied on plaintiff's suicide attempt that was triggered by a relapse of smoking methamphetamine and plaintiff's failure to take his anti-anxiety medication. Tr. 935-41, 1014.

Additionally, Dr. Mihara based her opinion on the "assumption that [plaintiff] is telling the truth." Tr. 1013. A physician's disability opinion may be disregarded if it is premised upon a claimant's subjective symptoms and limitations that were properly discredited. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted).

The ALJ gave a number of clear and convincing reasons supported by substantial evidence in the record for rejecting plaintiff's testimony, including: numerous inconsistencies in plaintiff's statements to his physicians and to the ALJ during the hearing, Dr. Kolilis's opinion that plaintiff was an unreliable historian who likely under-reported his substance abuse, and inconsistencies between plaintiff's testimony and his activities. Tr. 27-28. Accordingly, the ALJ

OPINION AND ORDER- 8

also properly rejected the aspects of Dr. Mihara's opinion that were premised on plaintiff's unreliable statements.

### C.    Lay Testimony of Case Manager

Plaintiff contends that his case manager's testimony is evidence that plaintiff still needs support to deal with his anxiety even while he is completely sober.  Pl.'s Reply at 4.  Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account, unless [the ALJ] expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Plaintiff's case manager testified that plaintiff continued to struggle with depression, but had not used methamphetamine since April 2008.  Tr. 66-67.  The ALJ accepted the case manager's opinion that plaintiff's substance abuse was currently in remission.  Tr. 25.  The ALJ explained that because the case manager's contact with plaintiff decreased in accordance with plaintiff's sobriety, he believed that plaintiff needed less treatment and support when he was sober.  Tr. 24-25.  This conclusion is supported by the record.  Tr. 984-1008 (noting plaintiff's improved mood and reduced monitoring after plaintiff's sobriety date).

The court need not discuss plaintiff's argument based on the Social Security Administration's internal document, the Program Operations Manual System (POMS), because plaintiff has not established that his impairments are disabling after a drug-free period of one month.  POMS § DI 90070.050(D)(3); *see also Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072-73 (9th Cir. 2010) (noting that the POMS is an agency interpretation that lacks judicially enforceable duties, but may be considered if the court finds it persuasive).  Because plaintiff's medical records fail to establish that he is disabled independent of his past substance addiction, plaintiff failed to meet his burden.

OPINION AND ORDER- 9

   2.   **Mental Impairments**

Plaintiff argues that the ALJ erred at step three by failing to conclude that plaintiff's affective disorder meets or equals Listing 12.04 in 20 C.F.R part 404, Subpart P, Appendix 1. The claimant has the burden of proving that his or her mental impairments meet or equal the criteria listed in Appendix 1. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). The claimant's impairment must satisfy either both requirements in paragraphs A and B, or all the requirements in paragraph C. 20 C.F.R. part 404, subpt. P, app. 1, § 12.04.

The parties agree that plaintiff's mental impairment meet the paragraph A criteria. To satisfy the B criteria, plaintiff must establish at least two of the following: (1) a marked restriction in activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. § 12.04(B).

The ALJ determined that when plaintiff is not engaging in substance abuse, he has mild restriction in activities of daily living, he would have mild to moderate difficulties in social functioning, and mild difficulties in maintaining concentration, persistence, or pace. Tr. 23. Plaintiff contends that he has marked restrictions in maintaining social functioning and marked difficulties in maintaining concentration, persistence, or pace. Pl.'s Mem. at 12-13. Alternatively, plaintiff asserts that increased mental demands would result in repeated periods of decompensation sufficient to meet the criteria in paragraph B or C. Pl.'s Reply at 5.

After evaluating the record, this court finds that plaintiff has not established that his mental impairment meets Listing 12.04. No evidence suggests that plaintiff would experience periods of decompensation at a frequency, length, or severity necessary to meet the criteria in paragraph B or C when he is not engaging in substance abuse. Substantial evidence supports the

OPINION AND ORDER- 10

ALJ's finding that plaintiff does not have marked impairments in both social functioning and in maintaining concentration, persistence, or pace.

Plaintiff's records indicate consistent difficulties in his social functioning. *See, e.g.*, Tr. 763-73, 856-57, 864-67. Plaintiff often isolates himself, but he can deal with people on a short-term basis. Tr. 55. He also actively participated in group meetings and activities at Quest Center. Tr. 828-50. Doctor Mihara opined that plaintiff generally has only a moderate impairment in social functioning while he is sober, but believed his impairment could rise to a marked level if he was dealing with his feelings about a past rape. Tr. 1015-16. This evidence is consistent with a less than marked restriction in social functioning.

Regarding concentration, Dr. Mihara opined that plaintiff was markedly limited by his depression and anxiety. Tr. 1016. However, plaintiff denied any significant problems with concentration when he was examined by Dr. Kolilis, and performed well on his memory test. Tr. 508. Based on his evaluation of plaintiff, Dr. Kolilis opined that plaintiff is capable of concentrating and persisting in work activities when he is sober. Tr. 508-09. The record also indicates that during his year of sobriety, plaintiff volunteered with Free Geek and constructed seven computers. Tr. 51. Plaintiff was able to follow written instructions, work for three-hour periods disassembling and reassembling computers, and often asked questions when necessary. Tr. 50. Plaintiff also reported that he had been successful in school when he was not using methamphetamine. Tr. 792. This constitutes substantial evidence in support of the ALJ's finding that plaintiff also has a less than marked limitation in maintaining concentration, persistence, or pace. Accordingly, the ALJ did not err in finding that plaintiff's affective disorder did not meet Listing 12.04.

3.     RFC

Finally, plaintiff asserts that the ALJ erred in formulating plaintiff's RFC. An ALJ must determine a claimant's RFC based on the entire record. Social Security Ruling 96-5p. The ALJ must analyze the medical and testimonial evidence and explain how that evidence was weighed in calculating the claimant's RFC. *Id.*

Plaintiff objects to the ALJ's finding that plaintiff is able to stand or walk for no more than two to four hours in an eight-hour workday. Plaintiff reported that his leg pain and asthma restricts his ability to stand or walk for long periods of time. Tr. 38-40. Plaintiff claimed that he could not stand for more than two hours, and could walk only four to five blocks without wheezing. Tr. 39-40. Notwithstanding plaintiff's description of his impairments, this court finds that plaintiff's RFC is based on substantial evidence in the record.

Plaintiff's asthma and mild neuropathy were both managed with medication. Tr. 39-40, 558, 626, 666. Plaintiff's reported physical impairments were inconsistent with his reported activities, including performing household chores, riding his bike, painting, exercising, and cleaning houses. Tr. 24, 54, 763, 798. The ALJ also relied on the opinion of non-examining physician Dr. Mary Westfall, who reviewed plaintiff's medical records and opined that he was capable of standing or walking for six hours in an eight-hour workday. Tr. 594-600. Moreover, any purported error by the ALJ in not limiting plaintiff to sedentary work based on his asthma and leg pain was harmless because the VE also identified sedentary jobs that existed in significant numbers in the national economy that plaintiff could perform given his RFC. Tr. 30, 71-73; *see Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (explaining that an ALJ's error is harmless if it was inconsequential to the ultimate non-disability determination).

OPINION AND ORDER- 12

**CONCLUSION**

This court concludes that the Commissioner's findings were based upon correct legal standards and were supported by substantial evidence existing in the record. The Commissioner's decision denying Richard D. Jenkins's benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this 26th day of August, 2011.

                                                   s/ Ancer L. Haggerty
                                                           Ancer L. Haggerty
                                                United States District Judge